**Robert A. KETCHUM, Theodore R. Ketchum, and Herman Wyatt, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 17065.**

United States Court of Appeals Fifth Circuit.

Sept. 16, 1958.

Rehearing Denied Oct. 8, 1958.

Joseph A. Calamia, El Paso, Tex., for appellants.

Russell B. Wine, U. S. Atty., San Antonio, Tex., Robert S. Pine and James E. Hammond, Asst. U. S. Attys., El Paso, Tex., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

Robert Ketchum, Theodore Ketchum, and Herman Wyatt were charged with smuggling, concealing, and facilitating the transportation of one pound of marihuana and a quantity of marihuana sweepings.[1] At the trial the defendants did not testify. A motion for a judgment of acquittal on the ground that the evidence was insufficient to sustain a verdict of guilty was made after the government had rested and again after both sides closed. The court overruled the motion. The jury returned a verdict of guilty. Wyatt received a five year sen-

---

1. The defendants, Robert Ketchum, Theodore Ketchum, and Herman Wyatt, were charged on a four count indictment. At the trial the third and fourth counts were dismissed on the Government's motion. The first count charged that all the defendants "on or about February 12, 1957, in Val Vorde County, Texas, within the Del Rio Division of the Western District of Texas, with intent to defraud the United States, knowingly smuggled and clandestinely introduced into the United States, one pound of marihuana and a quantity of marihuana sweepings, which had not been invoiced as required by law", in violation of 21 U.S.C.A. § 176 (a). The second count charged that all the defendants on the same date "received, and concealed, and facilitated the transportation and concealment, after importation", of the same marihuana knowing that it had been "imported and brought into the United States contrary to law and without having been invoiced as required by law", in violation of 21 U.S. C.A. § 176a.

tence. As prior offenders, Robert and Theodore Ketchum each received a sentence of ten years.

## I.

At five o'clock in the morning, February 12, 1957, two United States Border Patrolmen were parked on Highway 90 near Brocketville in Kinney County, Texas. They were waiting for a light-blue Ford sedan, occupied by three negroes, suspected of transporting marihuana. A car fitting the description passed by at a high speed. The patrolmen, Moravitz and Stone, started promptly in pursuit of the Ford. After a chase of two miles the Border Patrol car overtook the Ford. Just before doing so, the speedometer on the patrol car registered between 85 and 90 miles an hour. When the officers sounded their siren the Ford stopped. The three defendants got out of the car. Moravitz and Stone searched the Ford with the aid of flashlights and the headlights of the patrol car. They took out the seats, but did not at that time inspect the floor too closely since Moravitz was looking for a sack of marihuana.

During the chase the officers lost sight of the defendants' car only once, when it went over a hill. Moravitz returned to this spot and on the side of the highway found a brown paper sack containing marihuana. This was about thirty minutes after he had taken the defendants to the Kinney County Jail in Brocketville.

Later Moravitz took the prisoners and their automobile to Del Rio. There Customs Inspector Harmon searched the defendants' car carefully and found marihuana sweepings on the floor between the front and rear seats, a little bit in the rear seat cushion, and a couple of seeds of marihuana on the front floor mat. One of the seeds had been sprouting. Analysis of samples showed that the marihuana sweepings consisted of dirt, plant material, leaves, stem, and seed. The marihuana in the sack was "manicured" or refined marihuana.

The automobile was registered in the name of Jeff. M. Ketchum. None of the defendants is named or goes by the name of Jeff. M. Ketchum.

## II.

■ Counsel for defendants objected to the introduction of evidence relating to the sack of marihuana, on the ground that the sack was not "connected up with the defendants". We hold that in the circumstances of this case, the argument should be pointed at the weight of the evidence, not at its admissibility. Evidence tending to show that the defendants had possession of the marihuana and sought to conceal or destroy that evidence is clearly relevant and material. How closely connected the sack of marihuana was with the defendants and how much weight to attach to the evidence was for the jury to decide.

There may be some cases in which the absence of a necessary link or links in a chain of facts reduces the probative value of certain evidence so effectually that the trial judge should refuse to admit the evidence. But, "evidence is relevant if it relates to matters which would constitute circumstantial evidence that a fact in issue did or did not exist * * *. Because of the variety of facts that may have circumstantial probative value, the courts are liberal in admitting evidence of facts which bear some relevancy to the matters in issue. Much discretion is left to the trial court, and its rulings will be sustained if [the evidence] admitted tends even remotely to establish the ultimate fact". 1 Wharton's Criminal Evidence, p. 293, 294.

The sack of marihuana must be considered in the light of the facts and the circumstances of this case. The sack was found at the exact point where Moravitz lost sight of the defendants' car. It was found only half an hour after the arrest. The sack and the car contained marihuana. Reasonable men might conclude that there was a connection between the marihuana car and the marihuana sack. It was not an abuse of discretion therefore for the trial judge to admit the evidence for what it was worth. In Doyle v. United States, 8 Cir., 1929, 33

F.2d 265, 266, a liquor violation case, the evidence objected to was several empty jugs that had contained whiskey and gunny-sack containing bottles of whiskey. These articles were found by two government agents just off a path leading to the defendant's suspected premises. The court held that the evidence was admissible as "part of the surrounding circumstances" of the case. In Guevara v. United States, 5 Cir., 1957, 242 F.2d 745, 747, marihuana cigarettes were found in an unlocked automobile. "Under the circumstances [there] proved, there [was] no rational connection between ownership and possession of the automobile and possession of the cigarettes." We held that the evidence as a whole was insufficient for conviction; not that the evidence relating to finding the cigarettes was inadmissible.

### III.

■ The trial judge read to the jury the statutory provision that "whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury". Appellants argue that the court erred in not instructing the jury on the meaning of "possession". The appellants made no request for such instructions and did not except to the court's charge. Now they contend that failure of the trial court to include in the charge a definition of "possession" is a plain error affecting substantial rights of which this Court should notice under Rule 52(b), F.R.C.P., 18 U.S.C.A.

We think it is good practice for the trial court to instruct the jury on the meaning of "possession" in such cases as the one now before us. Moreover, this Court has held that failure to give clear and understandable instructions on "possession" may be reversible error. Barfield v. United States, 5 Cir., 1956, 229 F.2d 936; Guevara v. United States, 5 Cir., 1957, 242 F.2d 745. But as a matter of law, failure to instruct is not erroneous in every case where "possession" is a relevant issue. In Roberson v. United States, 5 Cir., 1958, 249 F.2d 737, involving a stolen vehicle, as in the Barfield case, the defendant urged that failure to instruct on "possession" was plain error. We pointed out: "In the setting which [Barfield] portrayed and under the circumstances of that record, a definition of possession should have been given to the jury in connection with the charge, in substance, that possession of recently stolen property raises a presumption of guilty knowledge. Such a factual situation is not here portrayed [in Roberson] nor do the circumstances of this record call for the application of the rule there adopted. There was ample evidence in this case which, if believed as the verdict shows it was, sustains the conclusion that the appellants had the custody and control of the cars in question. Custody and control are the commonly accepted and generally understood incidents of possession. No peculiar condition requiring that 'possession' be defined was here present."

Failure to instruct on possession would have been more serious, if the government's case had depended solely on the possession of the marihuana sweepings, small in quantity, difficult to find, and unnoticeable to persons sitting in the car. The instant case would then have been closer, on the facts, to Guevara. But, on the record here, the jury was warranted in drawing an inference of guilt, excluding every reasonable hypothesis except that of guilt, without relying on the statutory inference and the defendants' failure to explain possession. We hold therefore that in the circumstances of this case the failure to instruct on possession was not "plain error affecting substantial rights".

### IV.

■ Although the government's case was based on circumstantial evidence, we find that there was sufficient evidence for the case to go to the jury. "An appellate court must consider the evidence in the light most favorable to the government on the issue as to whether the

**438**

case was properly submitted to the jury."
United States v. Pinna, 7 Cir., 1956, 229
F.2d 216, 217.

The judgment is

Affirmed.