John J. VACCARO, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18754.

United States Court of Appeals
Fifth Circuit.

Dec. 14, 1961.

William C. Wright, John E. Fitzgibbon, Laredo, Tex., for appellant.

William B. Butler, Asst. U. S. Atty., Woodrow Seals, U. S. Atty., Houston, Tex., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a judgment of conviction entered upon a jury's verdict finding the defendant guilty as charged in counts one and three of a four-count indictment. Both counts were based upon the same approximately 60 grains of marihuana, Count 1 charging a violation of Section 176a of Title 21 United States Code Annotated, and Count 3 charging a violation of Section 4744(a) (2) of Title 26 United States Code Annotated. After an information of previous convictions, one of which related to 1004 grains of heroin hydrochloride, the court sentenced the defendant to 25 years imprisonment on each of the two counts, the sentences to run concurrently, and fined him $5,000.00 on each count or a total of $10,000.00. The appellant argues for a reversal upon two grounds, expressed in his brief as follows:

"I. There was no probable cause to arrest and search the appellant without a warrant of arrest or search warrant.

"II. The action of the prosecuting attorneys in offering and bringing before the jury, and the action of the trial court in admitting, and instructing the jury on evidence pertaining to a suitcase full of marijuana found in a pasture close to a public highway, the day following the arrest of appellant (and admittedly in no way connected with him) denied appellant due process of law and denied him a fair trial."

### I. The Search and Seizure.

On the night of August 6, 1960, a customs agent stationed at Laredo, Texas, received information from an informant who lived across the river in Mexico that approximately 18 to 20 pounds of marihuana would be smuggled into the United States the following day, concealed in the back trunk of a 1951 or '52 two-tone green Chevrolet, and delivered in the City of Laredo, Texas, approximately at the corner of Davis and Farragut Streets. The customs agent had previously received information in

other cases from this informant and had found that information to be reliable.

On the following day other customs agents, to whom this information had been furnished, observed a 1951 green and white Chevrolet automobile go to the place where the informant had reported the marihuana would be delivered. One of the agents saw through binoculars the driver go to the trunk of the automobile, open it up and lift something out. The driver walked north toward a house in the driveway of which appellant's car was parked. Observation was then obstructed due to passing automobiles. No actual delivery was seen.

The agents were familiar with appellant's car, a 1959 blue Oldsmobile bearing Louisiana license tags 233241, because about six weeks previously they had observed appellant in this same automobile in Laredo. On that occasion, the appellant had registered when he crossed the international bridge, as required by 18 U.S.C.A. § 1407, as one previously convicted of violating the marihuana laws. The customs agents had then placed appellant's automobile under surveillance, and later tried to stop it, but were unsuccessful after the automobile was driven off at a speed of approximately a hundred miles an hour.

On the present occasion, appellant's car moved from the driveway in which it had been parked. The agents followed it to the edge of Laredo where they attempted to stop it, Agent Simpson calling to appellant from a distance of a little more than arm's length, "Stop for United States Officers." Appellant pulled away, his car striking the car of one of the agents. He proceeded out the highway, finally forcing one of the agents off the road and causing his car to wreck when the agent tried to pass appellant and his speedometer registered in excess of 120 miles per hour. State officers, as a result of a telephone call, had set up a road block at Freer, Texas, some sixty miles from Laredo. Appellant evaded the road block temporarily,

but was stopped in Freer within a few minutes thereafter. A customs agent then placed him under arrest. A brief examination revealed marihuana sweepings in the trunk of the vehicle. The appellant was taken to a physician's office and there searched. Some marihuana was found in his right and left front trouser pockets and in the trouser cuffs. A customs agent drove appellant's car back to Laredo, arriving late in the evening, and locked the car in the customs' garage. The next day the car was searched more thoroughly and more marihuana sweepings were found and removed.

■■ In ruling upon the motion to suppress as evidence the marihuana discovered in appellant's trousers and in his automobile, we may by-pass, temporarily at least, the special statutes authorizing searches and seizures by customs officers,[1] for we think that the searches were reasonable as incidental to a lawful arrest of the appellant. If we considered the arrest as made when the agents first attempted to stop appellant's car on the outskirts of Laredo, we would hold that probable cause then existed for the arrest, and for stopping and searching the car. See Carroll v. United States, 1925, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543. Actually, the arrest and the subsequent searches were not made until after the conclusion of appellant's daring flight. Flight is, of course, circumstantial evidence of guilt. Kimes v. United States, 5 Cir., 1957, 242 F.2d 99; cf. Husty v. United States, 1931, 282 U.S. 694, 701, 51 S.Ct. 240, 75 L. Ed. 629; Brinegar v. United States, 1949, 338 U.S. 160, 166, note 7, 69 S.Ct. 1302, 93 L.Ed. 1879. The arrest and searches of appellant and of his car at the conclusion of the flight were entirely reasonable.

■ The car in which some marihuana had been discovered, having been taken into custody by the customs agents, could properly be subjected to a further search on the succeeding day without

1. 19 U.S.C.A. §§ 482, 1581 and 1582.

offending the rule announced in Rent v. United States, 5 Cir., 1954, 209 F.2d 893, 897. Such, in effect, was the holding as to a boat in United States v. Lee, 1927, 274 U.S. 559, 563, 47 S.Ct. 746, 71 L.Ed. 1202. We conclude that the arrest and searches were reasonable, and the marihuana discovered was admissible in evidence.

## II. The Suitcase Full of Marihuana.

■ A prior indictment against the defendant in the same court had contained only two counts, each charging violations both as to 15 pounds and as to 60 grains of marihuana.. The case proceeded to trial and at the close of the evidence the defendant moved to quash the indictment as duplicitous. The court granted that motion.

The defendant was re-indicted in four counts, counts 1 and 3 pertaining to a 60-grain quantity of marihuana, and counts 3 and 4 pertaining to a 15-pound quantity of marihuana. Upon motion of the defendant, the court entered an order of severance and directed that the first trial proceed only on counts 1 and 3 of the indictment.

Appellant's argument assumes that the suitcase full of marihuana was "admittedly in no way connected with him," but that is not *admittedly* true. The customs agents had received information from a confidential source that the marihuana they were seeking was in a suit-case. A suitcase full of marihuana was found by the pilot of a searching helicopter near the side of the road at a place where tire tracks could be observed pulling off the edge of the road. The ground was too hard for an impression to identify the tire tracks. The location was some 3½ miles on along the highway from where the wreck of the customs agent's car had released appellant from his last visible pursuer. "This particular area here is an area where approximately about three-tenths or four-tenths of a mile, it comes over a knoll, over the top of a hill, where you are out of sight from the view of anything behind that distance, but just before you

go over that knoll, there is a straight distance of approximately a mile, where you have a clear view, where it is straight, open-type road, where you can see for a distance of approximately a mile." The suitcase full of marihuana was found about 24 hours after appellant passed the spot.

On the hearing of the motion for severance of the counts, the following colloquy occurred between the court and the United States Attorney:

"Mr. Butler [United States Attorney]

"Well, then, addressing myself to that point, I would suggest to the court that the evidence to which he is particularly objecting at this time, that is, the suitcase full of fifteen pounds of marihuana being brought in, would be admissible as circumstantial evidence on the trial of the sixty grains.

"The Court:

"That, I think, may be the answer to what I have had in the back of my mind all the time. If we sever these, and have a second trial on those, it wouldn't eliminate the question as to the admissibility of the fifteen pounds, because I suspect that the Government would undertake to offer it, as the source of the sixty grains of sweepings found in the defendant's vehicle, in view of the other testimony.

"Mr. Butler:

"We would proceed exactly along those lines, your Honor."

When the Government did pursue that course over defendant's objection, the suitcase full of marihuana was admitted as circumstantial evidence of a possible source of the 60 grains of marihuana sweepings. The court strictly limited the use of the evidence:

"Now, we have heard certain testimony about the suitcase which was here before us earlier, and about several pounds of marihuana that were found in the suitcase. You have

heard the witnesses testify as to the circumstances under which the suitcase was located. I instruct you that the defendant is not charged here before you with a violation of these statutes concerning that fifteen pounds or that suitcase full of marihuana. He is charged only with the sixty grains which we have discussed. He is not charged with having had the fifteen pounds or the suitcase in his possession here before you.

"The evidence as to the circumstances under which that suitcase and the fifteen pounds of marihuana were found was admitted because it offered a possible explanation, if you ladies and gentlemen wanted to consider it as such, as to the source of the small quantities of marihuana which were found in the defendant's pockets and in his car. There is no direct proof that this defendant ever had the suitcase and the fifteen pounds in the trunk of his car. There are circumstances which, if you care to give them enough weight, might indicate that that is probably the case. I am not telling you that that is so, nor am I telling you that that is not so, because that is peculiarly within your province."

The question is not whether the evidence proved appellant's possession of the suitcase full of marihuana beyond a reasonable doubt, but simply whether the evidence was admissible. We agree with the district court that, under all of the circumstances of this case, the evidence was admissible, and its weight was a question for the jury. The main difference between this case and Ketchum v. United States, 5 Cir., 1958, 259 F.2d 434, 436, is that in the Ketchum case the sack of marihuana was found only half an hour after the arrest, while here the suitcase was found about 24 hours after the arrest. In either case it was *possible* for a third person to have put the marihuana at the location at which it was found at any reasonable time *prior* to the arrest. The difference weakens the

weight of the evidence in this case, but it is not so great as to render the evidence entirely inadmissible. A fortiori appellant was not denied due process of law. Finding no reversible error, the judgment is

Affirmed.