**John J. VACCARO, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22285.**

United States Court of Appeals
Fifth Circuit.

May 12, 1966.

Rehearing Denied June 16, 1966.

F. Irvin Dymond, George M. Leppert, New Orleans, La., for appellant.

James R. Gough, Asst. U. S. Atty., Woodrow Seals, U. S. Atty., William B. Butler, Asst. U. S. Atty., for appellee.

Before RIVES and THORNBERRY, Circuit Judges, and GARZA, District Judge.

GARZA, District Judge.

This is an appeal from an order of the District Court denying Appellant's motion to vacate sentence pursuant to 28 U.S.C. § 2255, which raises the issue of whether Appellant had been subjected to double jeopardy when he was prosecuted a second time for marihuana offenses after his first prosecution thereon ended in a mistrial declared at his request.

Appellant in the court below, pro se, petitioned also for a writ of error coram nobis, but this request has been abandoned by his attorneys on appeal.

Appellant was convicted on two counts of a four-count indictment for violations of 21 U.S.C. § 176a and 26 U.S.C. § 4744 (a) (2). He was sentenced to twenty-five (25) years imprisonment on each count, the sentences to run concurrently, and was fined $5,000.00 on each count for a total of $10,000.00, after information of previous convictions had been filed.

On his direct appeal of this case, Appellant raised the points of illegal arrest and search and the admissibility of certain evidence. This Court affirmed the conviction. Vaccaro v. United States, 296 F.2d 500, 5 Cir. 1961.

Appellant was first indicted on September 12, 1960, in two counts. The first charged that he knowingly and fraudulently facilitated the transportation and concealment of two quantities of illegally imported marihuana, one of approximately fifteen pounds and the other of approximately sixty grains. The second count charged him with failing to pay the transfer tax on the two quantities of marihuana.

At the close of the Government's case, Appellant, through retained counsel, filed a motion to quash the indictment and declare a mistrial, alleging that two separate and distinct offenses were charged, one relating to the fifteen pounds of marihuana and one relating to the sixty grains. After a colloquy between the Court, counsel for the Government and counsel for Appellant, in which the question of jeopardy was briefly discussed and the possibility of a new indictment and another trial was mentioned, the District Court granted the motion, ordered a mistrial and discharged the jury.

Petitioner was re-indicted on a four-count indictment. The transactions relating to the sixty grains of marihuana being charged in Counts 1 and 3, and those relating to the fifteen pounds being charged in Counts 2 and 4. Appellant was put to trial on Counts 1 and 3 after they were severed from 2 and 4 on his motion.

On appeal of his conviction, this Court held that the arrest and searches were reasonable and the evidence objected to was admissible. This evidence was the fifteen pounds of marihuana which was admitted as an explanation of the source of the sixty grains found in sweepings taken from Appellant's clothes and car.

Appellant now contends that the granting of a mistrial in the first case, even though done at his request, worked to his great disadvantage since it gave the Government the opportunity to clean up a bad indictment, put the two quantities of marihuana in separate counts, and still bring in the fifteen pounds as evidence in a trial involving only the sixty grains.

Appellant relies on language such as that in Downum v. U. S., 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100, 1963, stating that the defendant's right to have his trial completed by a particular tribunal may be subordinated to the public in-

terest only through necessity and that "Harassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict are examples when jeopardy attaches." 372 U.S. at p. 736, 83 S.Ct. at p. 1034.

*Downum* involved the granting of a mistrial on motion of the Government which had discovered that one of its important witnesses had not been summoned and was not present.

Appellant's argument that the granting of his motion for mistrial in the first case rescued the Government from a difficult position, and that putting him to trial in the second case thus violated the double jeopardy clause of the Fifth Amendment is untenable. As the District Court pointed out in its memorandum and order denying the motion to vacate sentence, Appellant is merely complaining of his counsel's trial strategy which was partially unsuccessful. The granting of the mistrial was for Appellant's benefit and not that of the Government.

In the cases cited in *Downum* and relied upon by Appellant, mistrials were granted at the request of the prosecution for its convenience, and they are not inconsistent with the holding in Gori v. United States, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901, 1961, that a mistrial in the interests of a defendant, the granting of which rests in the sound discretion of the District Court, is not a bar to a retrial. The court below relied upon the long-standing proposition that a defendant who procures a reversal or a mistrial may be tried anew, and that where an indictment has been found defective during trial and the jury discharged, a subsequent prosecution is not barred. United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300, 1895; United States v. Tateo, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448, 1964; Simpson v. United States, 229 F. 940, 9 Cir. 1916; Foster v. Kentucky, 311 F.2d 212, 6 Cir. 1962.

As stated in United States v. Ewell, et al, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627, which also involved the constitutional right to a speedy trial, the rule of *Ball* and *Tateo* "has been thought wise because it protects the societal interest in trying people accused of crime, rather than granting them immunization because of legal error at a previous trial, and because it enhances the probability that appellate courts will be vigilant to strike down previous convictions that are tainted with reversible error."

We believe that the District Court correctly denied Appellant's motion to vacate sentence and that judgment is

Affirmed.