**Ex parte Joseph E. BIRD.**

**No. 42665.**

Court of Criminal Appeals of Texas.

Jan. 7, 1970.

**42**

Joseph E. Bird, pro se.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is a post conviction habeas corpus proceedings.

The petitioner was convicted in 1967 of burglary with intent to commit theft in the 47th District Court of Potter County. As a result of the two prior convictions alleged for enhancement, the punishment was assessed at life under the provisions of Article 63, Vernon's Ann.P.C. Such conviction was affirmed by this Court. 423 S. W.2d 919.

Petitioner filed his application for habeas corpus in the convicting court on July 30, 1969. Thereafter, without an evidentiary hearing, the trial court denied the same on September 4, 1969, noting that the application presented no new and unresolved fact issues and concluded that habeas corpus cannot serve the office of appeal. On the same date petitioner filed an amendment to his application wherein for the first time he contends that one of the prior convictions (a 1956 child desertion conviction in the 47th District Court) used for enhancement was void and not available to the State for that purpose. His contention is based on the claim that at the time his probation, granted at the time of the 1956 conviction for child desertion, was revoked he "did not have an attorney."

There were no allegations in such application or petition that at the time of such revocation petitioner was deprived of counsel or that he was indigent, no counsel was appointed and that he did not waive the right to counsel.

On November 7, 1969, the trial judge, without an evidentiary hearing, filed amended findings of fact and conclusions of law. The trial judge who had presided at petitioner's trials in 1967 and in 1956, certified that at the time of the revocation hearing in question petitioner was not represented by counsel. There were no findings that petitioner was deprived of counsel at such revocation hearing, or that he was indigent, that counsel was not appointed and that he did not waive the same.

Nevertheless, the trial court concluded that in light of Ex parte Fletcher, Tex.Cr. App., 442 S.W.2d 705, that the prior conviction for child desertion could not be used for enhancement purposes. See also Crawford v. State, Tex.Cr.App., 435 S.W.2d 148; Ex parte Fuller, Tex.Cr.App., 435 S.W.2d 515; Eiland v. State, Tex.Cr.App., 437 S. W.2d 551.

The record was transmitted to this Court.

First, we cannot agree that petitioner's mere allegation that he "did not have an attorney" at the revocation hearing contains sworn facts which if true would entitle him to the relief he seeks. See Article 11.07, Vernon's Ann.C.C.P. Ex parte Young, Tex.Cr.App., 418 S.W.2d 824. There is no claim that he had counsel and was deprived of the same at such hearing, or that he was indigent, counsel was not appointed and he did not waive the same.

Such would be necessary allegations supported by proof before petitioner would be entitled to the relief he seeks. See Hasley v. State, Tex.Cr.App., 442 S.W.2d 739; Walling v. State, Tex.Cr.App., 437 S.W.2d 563.

Further, we observe all of the authorities cited above wherein there was failure to appoint counsel at the revocation hearing for the indigent probationer involved cases where the court had suspended the imposition of the sentence rather than the execution of the sentence when granting probation. See former Article 781d, V.A.C.C.P., 1925. See Ex parte March, Tex.Cr.App., 423 S.W.2d 916. In such cases sentence was pronounced for the first time following the revocation of probation. In the case at bar petitioner was represented by counsel when he entered his plea of guilty in 1956 to the felony offense of child desertion and when sentence was pronounced. It was thereafter that the execution of the sentence was suspended. Whether such facts affect the applicability of Crawford, Fuller, Eiland and Fletcher need not be decided at this time.

The application for habeas corpus is denied without prejudice to the right of the petitioner to reapply to the convicting court under the provisions of Article 11.07, supra.

It is so ordered.