Gerald Lloyd HUDSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 42544.

Court of Criminal Appeals of Texas.

Jan. 28, 1970.

See also, Tex.Cr.App., 453 S.W.2d 149.

John M. Ille, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough and Wells Stewart, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is the possession of narcotic drugs; the punishment, seventeen (17) years.

Appellant's first ground of error is that the court erred at the punishment stage of the trial in permitting the state to introduce before the jury prior felony and misdemeanor convictions against appellant, where it was shown that appellant was not represented by counsel. Appellant went to great length in his effort to establish the absence of counsel in some of the prior con-

victions, but we have searched this record in vain and fail to find any mention of indigency.

Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, is based on Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. Gideon is bottomed on the premise of indigency. Without such a showing, the question is not before us, Ex parte Carpenter, Tex.Cr.App., 425 S.W.2d 821.

The first ground of error is overruled.

His second ground of error relates to an alleged illegal search. The arresting officers testified that they saw appellant run a red light, followed his automobile, and brought it to a halt. As they approached the driver's side, appellant in attempting to open his door almost fell out, started stumbling, and was caught by the arresting officer. At this moment, through the open door, the officer saw a number of bottles of pills partly concealed by a piece of material. Appellant was then given a ticket for running a red light, and also a ticket for operating a motor vehicle without a license. The bottles of pills were obviously drugs of some sort, and beside them lay an invoice to the Medicine Man Pharmacy. They testified that at first they thought appellant was intoxicated, but when they found no alcohol on his person, and smelled none on his breath, they concluded that he was under the influence of some type of narcotic. A call to the named pharmacy revealed that they had recently been burglarized.

Clearly, the officers were authorized to take what they saw through the open door and to arrest appellant. The drugs, which they saw, were proven to be opium, cocaine, and isonipecaine.

The second ground of error is overruled, Corbitt v. State, Tex.Cr.App., 445 S.W.2d 184.

His next ground of error is that the court erred in permitting the introduction of extraneous offenses. This is bottomed upon the fact that after their arrival at the station a search of appellant's person revealed a cellophane container in his sock which contained barbiturates. The indictment named the drugs which were found in the car. The state was under no obligation to allege everything they found in this lawful search nor were they limited in their proof.

He next challenges the chain of custody. The officers testified that they sealed what they found. One of them initialed the envelope which was placed in a locked box at the station for which only the police chemist had the keys. The chemist, who testified, initialed the envelope, and identified it at the trial.

He next complains of this argument: "Is this jury going to be a part of the answer to crime in Harris County, Texas or a part of the problem?" Only a general objection was made, and we concluded that reversible error is not reflected.

He also maintains that the court erred in permitting the arresting officer to testify as to his opinion that appellant was under the influence of drugs. The officer had many years of experience, had often dealt with people in this condition, and was qualified to do so.

Two motions to dismiss the indictment, because he had been denied a speedy trial were made. The remedy for delay in this state is a request to the trial court for trial or an application for a writ of mandamus, and an accused who does not ask for a trial until the day of trial cannot complain. See Christmas v. State, Tex.Cr. App., 453 S.W.2d 144; this day decided.

Finding no reversible error, the judgment is affirmed.