Roy **CHRISTMAS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42434.

Court of Criminal Appeals of Texas.

Jan. 28, 1970.

W. F. Leigh, Pecos, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is felony theft; the punishment, six years.

Trial on January 13, 1969, was before a jury on a plea of not guilty. The punishment was assessed by the court.

The indictment alleged theft of a television set and other items of personal property from Joe Smith.

Viewed from the standpoint most favorable to the state, the evidence reflects that appellant and Lois Wampler, formerly Lois Christmas, wife of appellant, arrived at a motel in Pecos in a Buick automobile in the early morning hours of September 3, 1965 (the date on or about which the offense was alleged to have been committed). Lois Wampler got out of the car and went into the motel office where she registered as Mrs. Dean Smith and was given a key. The car was then driven to the assigned room and appellant proceeded to strip the room and take the television set and other items of personal property therein to the automobile.

The following morning Joe Smith, the motel manager, was informed by the maid that everything was gone out of the room. Joe Smith positively identified appellant as the man he saw near the automobile who he thought at the time was unloading the car. He discovered his mistake when he received the maid's report about 8 A.M. and immediately went to the room and found everything gone, including the television valued at $140.00, and notified the police.

Lois Wampler testified as an accomplice witness for the state. She testified that when they arrived at the motel appellant told her to go in and sign but not to sign her own name, and that they drove to the room to which she was given the key, and appellant started taking the things out and putting them in the car.

She further testified that appellant was the man that carried the television set and other items out of the motel room and put them in the Buick Roadmaster.

Appellant's brief contends that the jury did not have sufficient evidence to warrant a finding that appellant was guilty of the offense charged beyond a reasonable doubt.

This contention is predicated upon the fact that the state's witness Joe Smith had seen only one man and had seen the man in company with Lois Wampler only in the dark and his testimony was contradicted by the testimony of James Roy Christmas who testified that he and not his father (appellant) was with Lois Wampler (his mother) when she went to the motel and registered and that it was his mother Lois Wampler and not appellant who took the television set and other property from the motel room and put it in the car.

Lois Wampler testified that appellant and her son were with her when she came to the motel and her husband took the property and put it in the car.

The record reflects that Lois Wampler had received a probated sentence for her part in the theft, the term of which had expired. It also reflects that the witness James Roy Christmas had previously made an affidavit which was consistent with his mother's testimony given at appellant's trial.

The jury resolved the fact issues against appellant and there is evidence sufficient to sustain the verdict.

Appellant's brief complains of the overruling of his motion to dismiss the prosecution on the ground that he had been denied a fair and speedy trial guaranteed by the Constitution of the United States and of the State of Texas.

The indictment was returned November 1, 1965. Capias issued November 3, 1965, was not executed until October 30, 1968, at which time appellant made bond.

The record reflects that appellant was in jail and felony charges were pending against him there for theft of mercury when a "hold" or warrant was sent to the sheriff of San Juan County, New Mexico.

The County Attorney of Reeves County, in answer to a letter from the District At-

torney in New Mexico and inquiry by appellant, advised that the charge in the case before us would not be dismissed and upon his release from the New Mexico Penitentiary on October 30, 1968, the capias issued in the case before us on November 3, 1965, was executed and appellant was released and remained on bond until after sentence and notice of appeal when the amount of bond was raised.

The record is silent as to any request or motion for a speedy trial prior to the motion seeking dismissal of the prosecution filed January 3, 1969, the day the evidence thereon was heard and the motion overruled.

 When an accused desires an earlier trial he must request it or seek writ of mandamus. Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607; Wilson v. Bowman, Tex., 381 S.W.2d 320; Jones v. State, No. 42,643, not yet reported.

As to the request for a writ of mandamus to require dismissal of the prosecution upon the ground that a speedy trial has been denied, rather than to obtain such a trial, see Pope v. Ferguson (Tex.Sup.Ct.) 445 S.W.2d 950; Jones v. State, supra.

The judgment is affirmed.