Gerald Lloyd HUDSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 42301.

Court of Criminal Appeals of Texas.

Jan. 28, 1970.

Rehearing Denied April 29, 1970.

John Michael Ille, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Joe Maida, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary; the punishment, ten (10) years.

This is a companion case to our cause number 42,544, 453 S.W.2d 147.

Appellant's first ground of error is that the evidence is insufficient to support the verdict. We need not detail the facts concerning the arrest for the narcotics, because Officer Rose, who made the arrest, testified in both cases, and the facts were discussed in our cause number 42,544.

The owner of the Medicine Man Pharmacy testified that he received a call about midnight from the police that his store had been broken into. He went to the store, found that a window had been broken, and that quite a few articles had been taken. At about 3 a. m. the same night, he went to the Police Station, where he identified them as the ones missing from his store, and his pertinent testimony, given without objection, was as follows:

"Q. * * * You say you saw the articles that were taken from you at the police station?

A. Yes sir."

The missing articles were identified and marked with the owner's special initialing consisting of the Syrian alphabet and numerals. Invoices were found linking the merchandise to the Medicine Man Pharmacy. The circumstances involving the invoices were set out in our opinion in cause number 42,544.

Officer Rose testified without objection as follows:

"A. I carried the merchandise to the Burglary and Theft Division where the owner—or manager of the store came later and picked it up."

Appellant's complaint, as to the legality of the arrest, and the finding of the narcotics, has been fully discussed in our opinion number 42,544, and need not again be restated. The only addition that need be noted is in this trial Officer Rose's testimony tended to show that in addition to narcotics, a large assortment of other merchandise was discovered in appellant's automobile.

In his brief, the appellant, setting forth certain alleged quotes from the arresting officer's testimony at an examining trial, claims that there was a conflict in the testimony, and that the testimony given at the examining trial would show that the chain of custody was not established. Since such examining trial testimony is not before us, nothing is presented for review.

Finding the evidence sufficient to sustain the conviction, and finding no reversible error, the judgment is affirmed.