**Walter R. LOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44716.**

Court of Criminal Appeals of Texas.

March 29, 1972.

Rehearing Denied June 7, 1972.

G. Stanley Rentz, Waco, Court appointed, for appellant.

Martin D. Eichelberger, Dist. Atty., Kenneth H. Crow, James R. Barlow, Ron Slaughter and Randall Sellars, Asst. Dist. Attys., Waco, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for attempted burglary. The jury assessed the punishment at four years.

The sufficiency of the evidence is not challenged. A bookkeeper while working at night at a drug store in McGregor heard a noise on the roof of the building. The owner of the drug store and officers were called. When the officers arrived they apprehended the appellant and another on top of the building. The two men had burglary tools on the roof. A photograph which was introduced and other evidence show that the top layer of the roof had been cut and pulled back and the wood underneath had a hole sawed through it large enough for a man to enter.

At the penalty stage of the trial a 1946 prior conviction for theft of property over the value of $50.00 was introduced. Records of a prior 1957 Oklahoma conviction for the possession of narcotics in Oklahoma were introduced.

First, the appellant complains that evidence of the Oklahoma conviction should not have been introduced because it did not reflect that appellant was represented by counsel. Appellant does not make the contention that he had no coun-

sel, but only that the record does not reflect that he had counsel. No objection was made on this ground at the time this evidence was offered. There has been no showing that he was indigent or deprived of counsel.

In Taylor v. State, Tex.Cr.App., 470 S.W.2d 663, a prior criminal record of a conviction for unlawfully carrying a weapon was introduced at the penalty stage of the trial. There it was contended that error was committed because the judgment and sentence offered in evidence were silent as to counsel for Taylor at the time. There was no claim that Taylor was indigent, without counsel and did not waive the right of counsel or that he was deprived of counsel in any manner. This Court found no merit to his contention. See also Hudson v. State, Tex.Cr.App., 453 S.W.2d 147, and Walling v. State, Tex.Cr.App., 437 S.W.2d 563.

Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, relied upon by the appellant, is distinguishable. There the sentences showed affirmatively that appellant did not have counsel.

We find no merit to the contention in this case.

■ Appellant also contends that the court erred at the penalty stage of the trial by admitting evidence of the prior convictions because of remoteness.

In Rose v. State, 470 S.W.2d 198, this Court held that the law places no limitation by reason of remoteness of prior convictions offered to show the prior criminal record of a defendant under Article 37.07, Section 2(b), Vernon's Ann.C.C.P. See Martin v. State, Tex., 463 S.W.2d 449, and Ingram v. State, 426 S.W.2d 877.

No error has been shown.

■ The appellant contends that he should not have been tried because of former jeopardy. The appellant made an oral motion to dismiss the prosecution on the grounds that the case was previously tried and that the jury was not held until the case was completed. The trial judge did a commendable job of record keeping of the first trial.

The record contains an order declaring a mistrial detailing the proceedings prior to and at the time the jury was discharged. It recites that appellant entered a plea of not guilty before a jury, and that evidence was introduced and the cause was submitted to the jury. The order further reflects that the jury deliberated for some seven hours. Deliberations started August 27 and the jury on their last ballot of that day informed the court that they stood "numerically 8 to 4." The following day the jury continued its deliberations and later told the court that they stood the same way numerically. The jurors individually answered a question by the judge to the effect that each thought the jury could not reach a verdict. The court then found that the jury had been kept together for such time as to render it altogether improbable that they could reach a verdict. The court also recited that the defendant, his counsel and the prosecutors agreed to discharge the jury.

The appellant and his counsel agreed to the motion for mistrial. He cannot now claim former jeopardy because the court discharged the jury after some seven hours of deliberation.

"It is settled law that the defendant may not claim the defense of former jeopardy because of a discharge of the jury at his request or with his consent." DeYoung v. State, 160 Tex.Cr.R. 628, 274 S.W.2d 406.

In Vaccaro v. United States, 360 F.2d 606 (5th Cir. 1969), the Court held that granting a mistrial at the defendant's request and for his benefit did not subject him to double jeopardy when he was prosecuted a second time. The present case is unlike Galloway v. Beto, 421 F.2d 284 (5th Cir. 1970), cert. denied 400 U.S. 912, 91 S.

Ct. 137, 27 L.Ed.2d 151, where the consent to a mistrial was that of the defendant's attorney and not of the defendant. In the present case the defendant joined his attorney in consenting to the discharge of the jury.

█ The fact that appellant was held in contempt of court for misconduct during arraignment and was assessed a fine and jail term does not constitute former jeopardy or former conviction of this offense. The contempt proceedings are not properly before us for review and errors, if any, in connection therewith will not be considered.

The contentions that there was undue publicity "afforded" the appellant and that a photograph of the appellant was taken during the trial are not supported by evidence, and there is nothing before us for review.

█ It is contended that reversible error was committed when the State offered a prison packet from the State of New Mexico. At the time it was offered appellant's counsel objected because the fingerprint card showed that it was for an offense committed in April, 1965, and the commitment was for an offense committed in 1961. The court sustained the objection, instructed the jury to disregard any testimony about the exhibit and overruled the motion for mistrial.

In this case the jury did not know the contents of the exhibit. The exhibit does not appear in the record. Assuming that error was committed when the State offered to introduce it, the error was made harmless by the court's instruction. In Mays v. State, 434 S.W.2d 140, 141, the Court stated that such an instruction will generally cure any error

"... except in extreme cases where it appears the evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression on their minds. ..."

We hold that the trial court did not err in denying the motion for mistrial.

No error is shown. The judgment is affirmed.

## OPINION
## ON APPELLANT'S MOTION FOR RE-HEARING

ODOM, Judge.

Appellant now asserts that "Since the Court rendered its Original Opinion on March 29, 1972, the cases of Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972) and Wood v. State, [Tex.Cr.App.,] 478 S.W.2d 513, have been rendered by the U.S. Supreme Court and this Honorable Court. These cases reiterate the position that an invalid conviction cannot be used to prove guilt, enhance punishment, or impeachment."

True, the cases cited by appellant stand for the proposition that he alleges. However, appellant overlooks two important elements in Loper and Wood; namely, that the records show that they were indigent and did not waive counsel. Such is not the situation in the case at bar since, as was pointed out in the original opinion, there "has been no showing that he (appellant) was indigent or deprived of counsel." Further, there is no showing that appellant did not waive his right to counsel. See, e. g., Frazier v. State, Tex.Cr.App., 480 S.W.2d 375 (1972); Ex parte Bird, Tex.Cr. App., 449 S.W.2d 41.

There being no showing of indigency or waiver, we do not reach the question of whether the introduction of the Oklahoma conviction was harmless error. Compare Wood v. State, supra.

Remaining convinced that a correct disposition was made of the case on original submission, the motion for rehearing is overruled.