Carl Houston **ROBERTS** and **Roy Mal-
colm Roberts, Petitioner-Appellants,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

No. 72–1610.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 16, 1973.

Decided April 20, 1973.

Carl Houston Roberts and Malcolm Roberts filed briefs pro se.

Daniel Bartlett, U. S. Atty., and Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., filed brief for appellee.

Before LAY and BRIGHT, Circuit Judges, and NICHOL, District Judge.*

PER CURIAM.

Roy Malcolm Roberts and Carl Houston Roberts, father and son, pursuant to 28 U.S.C. § 2255, appeal from the order of the district court (Judge Regan), 348 F.Supp. 563, denying them relief from their convictions and sentences for assault upon federal officers.[1]

The layman's brief filed on behalf of appellants raises two issues already considered and found wanting of

---

* Sitting by designation.

1. The convictions as to these and other defendants were affirmed on direct appeal in United States v. Leach, 429 F.2d 956 (8th Cir. 1970), cert. denied, 402 U.S. 986, 91 S.Ct. 1675, 29 L.Ed.2d 151 (1971).

merit on direct appeal, i. e., that the evidence presented at trial was insufficient to establish guilt, and that appellants were denied their Sixth Amendment right to effective assistance of counsel. Appellants now assert an additional claim that their second trial, which resulted in their convictions, subjected them to double jeopardy in violation of the Fifth Amendment, since appellants' first trial was improperly aborted while in its third day. We reject these contentions and affirm the determination of the district court.

While the district court opinion clearly demonstrates that appellants' claims were without merit, we add an additional comment relating to the double jeopardy claim.

The district court aborted the first trial on February 12, 1969, when during cross-examination of defendant Carl Roberts, the prosecutor elicited background information about Carl's prior felony convictions. Carl's lawyer, who also represented Roy, moved for a mistrial because of certain comments made by the court. The lawyer representing two other defendants joined in the motion. The trial court then granted the mistrial.

A claim of double jeopardy in violation of the Fifth Amendment does not arise from the later trial of a defendant, following a mistrial declared by the court upon the defendant's own motion. See United States v. Tateo, 377 U.S. 463, 467, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964); United States v. Pappas, 445 F.2d 1194, 1200 (3d Cir. 1971), cert. denied sub nom., Mischlich v. United States, 404 U.S. 984, 92 S.Ct. 449, 30 L.Ed.2d 368 (1971); Houp v. State of Nebraska, 427 F.2d 254, 255 (8th Cir. 1970), cert. denied, 401 U.S. 924, 91 S. Ct. 887, 27 L.Ed.2d 827 (1971); Gregory v. United States, 133 U.S.App.D.C. 317, 410 F.2d 1016, 1018 (1969), cert. denied, 396 U.S. 865, 90 S.Ct. 143, 24 L.Ed.2d 119 (1969); Vacarro v. United States, 360 F.2d 606, 608 (5th Cir. 1966). *Cf.* United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); Gori v. United States, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961).

The problem here arises from the joint representation of Carl and Roy by one attorney. The motion for mistrial was not specifically requested on behalf of both defendants and was made while Carl was being questioned about his prior convictions. The request was based upon comments of the court which might be deemed critical of the trial tactics of the attorney.[2] Such comments, if

---

2. The record shows the following:

Q. (By Mr. Ruzicka [Prosecutor]) How many felonies were you convicted of on that occasion?

A. [Defendant Carl Roberts] I believe it was two or three. I cleaned the books up for them.

Q. Two or three?

A. Yes.

Q. You mean you co-operated with— is that what you mean?

A. Yes.

MR. BRUNTRAGER: [Attorney for Carl and Roy] I object to this, Your Honor, on the grounds this is not proper cross-examination. He is going in an attempt to go behind the convictions.

THE COURT: Well, he didn't ask—I *don't recall that you even asked him about* this, the convictions, did you?

MR. BRUNTRAGER: Your Honor, —will you step up, please?

(Thereupon the following colloquy ensued among the Court and counsel, at the bench, out of the hearing of the jury:)

MR. BRUNTRAGER: I object to the Court asking questions of this defense counsel *pointing out—*

THE COURT: What I am trying to get at is whether you even asked him about it.

MR. BRUNTRAGER: I don't think that was a proper question, but anyway I am objecting to the Court pointing out to the jury by his question that I did not ask him. There was a specific reason for my not asking him. I cannot explain this to the jury, but in any event, inasmuch as the Court has pointed out, that it appears, it must appear to the jury, Your Honor, that I have been hiding this, or attempting to hide it, which is not true, and I would ask that the Court instruct the jury, or admonish the jury

taken as critical of the attorney's conduct, would seem to taint the proceedings for all parties represented by the attorney. Roy made no objection to his retrial on double jeopardy grounds until this present postconviction petition. Under these circumstances we think it clearly inferable that counsel's mistrial request asked for a mistrial for both his clients, Roy and Carl, and that the court granted the request in the interest of all the defendants. *See and compare* United States v. Walden, 448 F.2d 925, 930 (4th Cir. 1971).

Thus, the record discloses no violation of appellants' rights under the Double Jeopardy Clause of the Fifth Amendment.

to disregard the question asked of counsel, not to place any significance on it, and I would ask that a mistrial be declared.

MR. GILDEN: [Attorney for two other codefendants] I will join in that.