**Frank Guy MITCHELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46041.**

Court of Criminal Appeals of Texas.

May 16, 1973.

Rehearing Denied June 6, 1973.

Foreman & DeGuerin, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Ronald G. Woods, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The conviction is for the offense of felony theft; punishment was enhanced under Article 63, V.A.P.C., and appellant was assessed life imprisonment.

Two grounds of error are alleged. Appellant first contends that a prior felony conviction used for enhancement purposes was obtained when appellant was not represented by counsel. Appellant concludes, therefore, that reversible error was committed.

Appellant testified that he was not advised of his right to an attorney at this prior trial. Yet the judgment in that cause recites that "Frank Guy Mitchell appeared in person, his counsel also being present . . . . " Further, appellant has raised no issue of indigency as of the time of the prior trial. See Lott v. State, 480 S.W.2d 743 (Tex.Cr.App.1972); Hudson v. State, 453 S.W.2d 147 (Tex.Cr.App.1970). We find appellant's contention to be without merit.

In his final ground, appellant brings forth the argument that the trial court erred in overruling his motion for new trial, there being newly discovered evidence of his innocence. At the hearing on the motion, witnesses placed appellant in Trinity, Texas, on the day of the offense, at approximately 9:30 to 10:00 a. m., between 1:30 and 2:00 p. m., and about 4:00 p. m., the same day. Another witness testified that she lived in the apartment house where the robbery took place and saw the victim enter and exit the apartment where the offense occurred, but did not see appellant.

The State's evidence showed the robbery to have taken place around 11:30 a. m., in Houston. Unrefuted evidence was presented at the hearing that Trinity, Texas, is located some 50 miles from Houston. We can take judicial knowledge of the fact that this figure is an under-estimate. Nevertheless, the appellant has failed to negate the State's theory of guilt.

Also, none of the four witnesses who testified at the hearing on the motion for new trial were subpoenaed for the actual trial. Two of the witnesses' testimony indicated that, though they observed appellant on the day of the offense, he did not know they saw him. Thus, appellant alleges that he could not have known of their availability to him as witnesses. Without reaching the merits as to whether, using due diligence, appellant could have discovered these two witnesses prior to trial,[1] we note that appellant does not even advance a claim that he did not know about the remaining two witnesses, nor that he could not have subpoenaed them for the trial. In fact, the testimony of the witness who placed appellant in Trinity between 9:30 and 10:00 indicates that she was in appellant's presence for approximately twenty minutes.

Appellant has failed to demonstrate that the "new" evidence was not known to him at the time of trial; even if we accept the allegation in appellant's brief that it was unknown to him, he has not shown that such a failure to know of the evidence was not due to a want of diligence on his part. Huffman v. State, 479 S.W.2d 62 (Tex.Cr.App.1972).

The judgment is affirmed.

---

1. The record reflects that this cause was reset five times prior to the date of trial.