**Rose Marie BEARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–85–088CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 5, 1985.

Rehearing Denied Jan. 9, 1986.

Jerome K. Wade, Houston, for appellant.

John B. Holmes, Dist. Atty., James Brough, Asst., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

OPINION

SEARS, Justice.

On November 28, 1984, appellant pled no contest to the felony charge of injury to a child. The trial court heard sufficient evidence on the charge to find appellant guilty, but recessed to allow a presentence investigation to be conducted. On January

4, 1985, after the presentence investigation was completed, the court found appellant guilty and assessed punishment at two years in the Texas Department of Corrections. Appellant's Motion for New Trial was denied by the court. Appellant gave notice of appeal, complaining in a single ground of error that the trial court abused its discretion by denying her Motion for New Trial. The motion was based on newly discovered evidence (photographs) introduced by the state for the first time at the punishment hearing. We find no abuse of discretion and affirm the judgment as reformed.

Appellant admitted striking her thirteen-year-old stepson on the buttocks with a belt. At the hearing on the Motion for New Trial she claimed the injuries he sustained resulted from riding an unpadded go-cart over rough terrain, and not from the whipping. Appellant claims the pattern of the bruises depicted in the state's photographs supports her contention that the injuries were caused by riding the go-cart.

■ The Court of Criminal Appeals in *Eddlemon v. State*, 591 S.W.2d 847 (Tex. Crim.App.1979), set forth the following factors for determining whether a motion for new trial based on newly discovered evidence should be granted:

> The record must reflect that: (1) the newly discovered evidence was unknown or unavailable to the movant at the time of his trial; (2) the movant's failure to discover or obtain the evidence was not due to a lack of diligence; (3) the new evidence is admissible and is not merely cumulative, corroborative, collateral, or impeaching; and (4) the new evidence is probably true and will probably bring about a different result on another trial.

*Eddlemon v. State*, 591 S.W.2d at 849 (citations omitted); *see also Boyett v. State*, 692 S.W.2d 512 (Tex.Crim.App.1985). A motion for new trial based on newly discovered evidence is addressed to the sound discretion of the trial judge, and his decision, absent a showing of clear abuse of discretion, should not be disturbed on appeal. *Etter v. State*, 679 S.W.2d 511 (Tex.

Crim.App.1984); *Eddlemon v. State*, 591 S.W.2d at 849–50. A defendant is not entitled to a new trial on the ground of newly discovered evidence if he fails to demonstrate why the evidence could not have been discovered, through the exercise of diligence, at or before the time of trial. *Huffman v. State*, 479 S.W.2d 62, 69 (Tex. Crim.App.1972); *see also Mitchell v. State*, 494 S.W.2d 865 (Tex.), *cert. denied*, 414 U.S. 1163, 94 S.Ct. 927, 39 L.Ed.2d 116 (1973).

■ The evidence claimed by appellant to be newly discovered are photographs which existed and were discoverable prior to trial. They were in the state's file and available to appellant at any time prior to trial. Counsel for appellant could have asked to see the evidence, pursuant to Article 39.14 of the Texas Code of Criminal Procedure, in a motion for discovery or a motion for production of evidence inconsistent with appellant's guilt. Appellant's counsel failed to take any action which would show the use of that amount of diligence required for the trial court to grant a motion for new trial.

Appellant's counsel admitted during oral submission that trial counsel saw the photographs, but that it was not readily apparent that they supported appellant's theory of self-inflicted injuries from riding a go-cart over rough terrain. Photographs of the go-cart show no padding over its metal seat and framework. Photographs of the complainant show bruises at points on the body that would have been in contact with the metal framework of the go-cart. While the pattern of the bruises *could* be consistent with riding the vehicle, the evidence is nevertheless not *newly* discovered, since it was available to counsel by the exercise of due diligence. *Farmer v. State*, 491 S.W.2d 133, 135 (Tex.Crim.App.1973); *Mitchell v. State*, 494 S.W.2d at 866; *Huffman v. State*, 479 S.W.2d at 68–69.

■ Furthermore, by pleading nolo contendere, appellant advised the court that she had no defenses to the charge alleged and was offering no contest to it. A plea of nolo contendere admits every essential

element of the offense and is tantamount to an admission of guilt. *Lott v. United States*, 367 U.S. 421, 81 S.Ct. 1563, 6 L.Ed.2d 940 (1961). Thus, appellant's motion for new trial based on newly discovered evidence is inconsistent with her plea of no contest. While we sympathize with appellant's desire to avoid a trial that would further disrupt the family unit, we find the court did not abuse its discretion in overruling her motion for new trial. Appellant's ground of error is overruled.

We also find the judgment recites that appellant was found guilty by the court on November 28, 1984. However, the record indicates the court made the determination of guilt on January 4, 1985. We therefore reform the judgment to reflect that appellant was found guilty by the court on January 4, 1985.

The judgment of the trial court is affirmed as reformed.

ELLIS, J., not participating.