LILLIAN WESLEY V. THE STATE.

No. 23480. Delivered November 13, 1946.
Rehearing Denied December 18, 1946.

The opinion states the case.

*William C. McDonald,* of San Angelo, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was charged by indictment with assault with intent to murder Geraldine Smith, and it was further alleged that appellant had been theretofore convicted of two successive felonies less than capital. She was found guilty of the primary offense and also the jury found that she had been convicted of

the two prior felonies, and her punishment was fixed at life imprisonment as an habitual criminal.

No evidence was offered for appellant. The facts developed by the State show that on the night of the alleged assault the Smith woman rushed into a cafe in San Angelo and asked if she could use the phone. As she was dialing a number appellant came in and said to the Smith woman, "I told you I was going to get you." She jerked the Smith woman away from the phone and stabbed her with a knife a number of times about the head and chest. The injured woman had nothing in her hands. She bled profusely. The same night the sheriff obtained from appellant the knife she had used. A physician testified that as used the knife was calculated to cause death or serious bodily injury. The State made proper and sufficient proof of appellant's prior convictions of the two felonies less than capital.

Appellant urges that the evidence does not support the conviction of assault with intent to murder. It does not occur to us that any question arises regarding the sufficiency of the evidence.

Bills of exception numbers two and three complain of admission in evidence of the indictments, judgments and sentences in the prior convictions of appellant in Dallas and Tarrant Counties. The bills recite that the State's exhibits are made a part of the bills, but we find no such exhibits attached. The bills as they appear in the record present no error.

By bill of exception number four appellant complains that it is shown the conviction of appellant in Tarrant County occurred in 1929, and proof of such conviction was objected to on the ground that it was too remote. Appellant cites us to no authority and we are not aware of any, that the question of remoteness applies when proof of former conviction arises in the application of Art. 63 P. C. as fixing the status of an habitual criminal.

This assault upon Geraldine Smith occurred in Tom Green County on October 6, 1945. Mrs. Parker, the District Clerk of Runnels County, testified that in August, 1945, the Smith woman came into her office in Ballinger, saying that she was trying to get to the sheriff's office. Appellant came in "fussing at Geraldine Smith, and said to her, 'You ought to have done been killed'." Appellant objected to this testimony on the ground that anything which occurred in Runnels County would be immaterial and irrelevant to the present alleged offense. The trial court admitted the evidence as shedding light upon the previous relations of

appellant and Geraldine. We think the evidence was properly admitted.

Appellant objected to the court's instructions to the jury because there was no charge on circumstantial evidence, the objection being predicated on the proposition that appellant's "intent to kill" could only be inferred from the shown facts incident to the assault. Where the intent with which a party acted is only to be inferred from proven circumstances a charge upon circumstantial evidence is not required. Branch's Ann. Tex. P. C., Sec. 1874 and cases there cited; also see Roberts v. State, 44 Tex. Cr. R. 267; Barnes v. State, 53 Tex. Cr. R. 628; Egbert v. State, 76 Tex. Cr. R. 663; Russell v. State, 38 Tex. Cr. R. 590.

Appellant also objected to the court's charge because—as stated in the objection—the jury was not instructed that they might convict under the indictment without assessing the punishment at life imprisonment. An examination of the charge shows this objection is untenable.

No reversible error appearing, the judgment is affirmed.

### ON MOTION F OR REHEARING.

GRAVES, Judge.

Appellant again insists that there is present in the record no testimony upon which the jury could predicate its conclusion of guilt in an assault to murder charge against her; that because of the fact that she used an ordinary pocketknife with a blade three inches long (which would not be a deadly weapon per se) and because the seriousness of the wounds is not shown, it is contended that there is no basis for the felony conviction herein of the assault upon the injured person.

There is testimony from a physician in the record. It was testified to by him that a knife of the kind and character shown him and which was the knife used in this cutting, in the hands of a person of appellant's size and apparent strength, in the position in which it was used upon the injured party in her chest and head, would be calculated to produce death or serious bodily injury. This testimony, taken in conjunction with a previous statement by appellant that the prosecutrix "ought to have done been killed," and her further statement at the time charged in the indictment, "I told you I was going to get you," evidenced the fact of her intent at the time to commit the crime of murder. The fact that this stabbing with the knife took place over a counter in a cafe might have had some bearing in the prosecutrix not losing her life.

In the case of Ammann v. State, 145 Tex. Cr. R. 34, this court said:

"The specific intent to kill is an essential element of the offense of assault with intent to murder. Art. 1160, P. C. * * * Such intent may be inferred when the instrument used in committing the assault is a deadly weapon. If the weapon used is not deadly, the intent to kill on the part of the accused may be ascertained from and shown by the surrounding facts and circumstances. If it is possible that death might have been inflicted by the weapon used, and if the accused intended thereby to take life by the use made thereof, the offense of assault with intent to murder is complete, even though the instrument used was not a deadly weapon. Branch's P. C., Sec. 1636; Franklin v. State, 37 Tex. Cr. R. 113, 38 S. W. 802; Basquez v. State, 114 Tex. Cr. R. 602, 26 S. W. (2d) 206; Rose v. State, 123 Tex. Cr. R. 261, 58 S. W. (2d) 526."

We think that the original opinion properly disposes of this case, and the motion for a rehearing is accordingly overruled.