## JOE MORRISON V. STATE

No. 31,675. March 16, 1960
Motion for Rehearing Overruled June 8, 1960

DAVIDSON, Judge, dissented on Appellant's Motion for Rehearing.

*R. H. Munsterman,* Levelland and *E. G. Pharr,* Lubbock, (on appeal only) for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge

The offense is transporting whisky in a dry area; the punishment, 90 days in jail and a fine of $400.

It was stipulated that Hockley County was a dry area and that appellant had been convicted in 1950, as alleged in the information, for possessing whisky in a dry area for the purpose of sale.

Two grounds for reversal are presented by appellant's brief.

The first relates to the prior conviction which is complained of as being too remote.

The authorities cited by appellant have no application where, as here, the prior conviction is alleged for the purpose of obtaining an enhanced punishment under the provisions of Arts. 61, 62 and 63 P.C.

In Wesley v. State, 149 Tex. Cr. R. 650, 198 S.W. 2d 103, this court, speaking through Presiding Judge Hawkins whose

memory we revere, said: "Appellant cites us no authority, and we are not aware of any, that the question of remoteness applies when proof of former conviction arises in the application of Art. 63 P.C." The same is necessarily true as to Art. 61 P.C.

The second ground for reversal is the contention that the evidence is insufficient to sustain the jury's finding that appellant transported whisky.

Sheriff Clem testified that two blocks from the courthouse he saw appellant, who was driving an automobile traveling in the same direction some 100 years ahead of him, drive into the driveway of a residence; that appellant got out of his car with a brown paper bag *with something in it* in his hand and walked up on the porch and knocked at the door; that appellant entered the house; that one George, who occupied the house, came to the door and with his consent the sheriff entered, searched the house and found a brown paper bag containing a fifth of whisky under some mops and brooms behind the stove in the northeast corner of the house.

Appellant and the occupant of the house were present during the search, as was Special Investigator Sid Johnson who was riding with Sheriff Clem.

Sheriff Clem testified that the paper bag in which the whisky was found was similar to and looked just like "the package" that he saw appellant carrying, and that *no other paper bag was found in the house.*

The witness Sid Johnson gave similar testimony.

Appellant did not testify, nor did the occupant of the house who, the evidence shows, was in itinerant cook.

While the evidence was circumstantial, when viewed in the light most favorable to the verdict it is deemed sufficient to sustain the jury's finding.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge (dissenting on appellant's motion for rehearing).

Appellant's motion for rehearing is overruled by the majority of this court without written opinion, to which decision I dissent.

This is a "transportation" case; it is not a "possessing" case.

For appellant to be guilty he must have carried —that is, transported—from one place to another the bottle of whisky found in the house occupied and controlled by a man by the name of "George".

There is no legal and competent evidence which authorizes that conclusion. Any determination of guilt, from the evidence here presented, is a matter of guess work, supposition, and probability.

Appellant was seen to enter the house with a brown paper sack in his hand. A brown paper sack was found in the house of "George," which sack looked like the one appellant had in his hand when he entered the house.

The first presumption is that the two sacks were one and the same, because they were of the same appearance. There were no other identifying characteristics.

The next presumption is that the sack contained the bottle of whisky when appellant carried it into the house. There is not a line of direct testimony as to what was in the sack when it was carried into the house. To say that a bottle of whisky was in the sack at that time is the rankest sort of presumption.

The court presumes, first, that the sack found in the house was the one appellant carried into the house. Upon that presumption the further and additional presumption is indulged that a bottle of whisky was in the sack at the time it was carried into the house.

So the state's case depends—and this appellant pays a fine of $400 and goes to jail for ninety days—upon a presumption based upon a presumption, with no tangible evidence upon which to base either presumption.

But the state's case does not fail solely because it is based upon mere presumption and guess work. There is another and additional reason why the state's case ought not to stand. I have reference to that well-established rule of law that circumstantial

evidence is not sufficient unless it excludes every reasonable hypothesis other than that of appellant's guilt.

Here, the bottle of whisky is found secreted and hidden in the home of "George." The ownership and possession by George of the bottle of whisky is thereby shown. The presumption which attains is that George brought the whisky to his home. Thereby is presented an outstanding hypothesis that appellant had nothing to do with the whisky. The state could have very easily clarified the situation thus presented, by placing George upon the witness stand and showing by him that appellant brought the whisky to the house, if such were a fact.

The state is thereby cast in the position of relying upon circumstantial evidence where it had direct testimony available but refused to use it.

Under the facts presented, I cannot agree to an affirmnace of this case upon the sufficency of circumstantial evidence.

I therefore dissent.