**Lafayette SANFORD, alias Lafayette Sanford, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45670.**

Court of Criminal Appeals of Texas.

March 14, 1973.

Rehearing Denied April 25, 1973.

James F. Greer, Waco, for appellant.

Martin Eichelberger, Dist. Atty., Ken Crow, Joe Guyton and Randall Sellers, Asst. Dist. Attys., Waco, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal results from a conviction for theft of edible meat under the provisions of Article 1426c, Vernon's Ann.P.C. The punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., was assessed at life.

■ Initially we shall consider appellant's contention that the evidence is insufficient to sustain his conviction.

Ronald Netherland, Assistant Manager of the Safeway Store at 1701 Dutton in the City of Waco, testified that on March 18, 1971, between 6:30 and 7:00 p. m., when he had the care, custody and control of the merchandise and property in said store, he observed the appellant in the store with two packages of quarter pork loins, one of which he put in his pants and one of which he returned to the "case." Subsequently, Netherland observed the appellant go near the front door from which he bolted and ran. Summoning other employees of the store, Netherland gave chase and apprehended the appellant, though two other men appeared questioning his actions. After being returned to the store, appellant broke free, grabbed olive jars, threatened to throw them, and, in the process, dropped the package of pork loins from his pants. Without relating the details of the subsequent chase outside the store, the throwing of an olive jar which struck Netherland, the throwing of bricks at the pursuers, etc., we note that the police eventually apprehended the appellant.

Netherland testified the pork loins were edible meat placed in the store for sale for human consumption.

Viewing the evidence in the light most favorable to the jury's verdict, we find it amply sufficient to sustain the conviction.

■ Appellant also attacks the constitutionality of Article 1426c, supra, contending the statute is vague and indefinite in that it does not specifically define the term "edible meat."

In Wilson v. State, 164 Tex.Cr.R. 233, 297 S.W.2d 830 (1956), this court stated that,

"[a]s used in this statute, meat refers to 'the flesh of animals used as food— as distinguished from fish or fowl' which is one of the definitions of 'meat' found in Webster's New International Dictionary."

■ Keeping this in mind, it should also be remembered that words not specially defined in a statute ". . . are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed." Article 8, Vernon's Ann.P.C.

We reject appellant's claim that the term "edible meat" is vague or indefinite.

■ Appellant further attacks the constitutionality of the statute contending that since it does not set out the value, quantity or nature of the edible meat which must be stolen to constitute the offense it may possibly overlap with other penal statutes and subject an accused to a wide range of possible penalties. We do not agree. Article 1426c, supra, is a special statute and would control over any general statute. See Article 5, Vernon's Ann.P.C. Further, we note that since the nature of meat is specified as "edible meat" there is no need to set out a particular value or quantity of meat. Johnson v. State, 126 Tex.Cr.R. 466, 72 S.W.2d 288 (1934).

Next, appellant contends the prior "conviction used to enhance the punishment under Article 63 V.A.P.C. dated August 8, 1960 is too remote."

■ In Wesley v. State, 149 Tex.Cr.R. 650, 198 S.W.2d 103 (1946), it was held that, where proof of a prior conviction was offered for the purpose of fixing an accused's status as that of an habitual crimi-

nal, remoteness of prior convictions does not affect admissibility. See also Morrison v. State, 169 Tex.Cr.R. 556, 336 S.W. 2d 173 (1960). Cf. Ingram v. State, 426 S.W.2d 877 (Tex.Cr.App.1968).

Finding no reversible error, the judgment is affirmed.