Clennon LOUD, Appellant,

v.

The STATE of Texas, Appellee.

No. 46448.

Court of Criminal Appeals of Texas.

Sept. 19, 1973.

Rehearing Denied Oct. 10, 1973.

Fred Horner, Waco (Court appointed), for appellant.

Martin D. Eichelberger, Dist. Atty., Jim Barlow, Ken Crow, Waco, Randall Sellers, Asst. Dist. Attys., and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The conviction on a plea of not guilty before a jury was for felony theft with punishment enhanced to life under Art. 63, Vernon's Ann.P.C.

Appellant's ground of error number one is that this conviction is void because the allegation as to his prior conviction in Cause No. C–8939–JH, on October 29, 1959, being a final conviction is not supported by the proof, which showed that the sentence imposed was suspended.

The record in Cause No. C–8939–JH, properly admitted in evidence, showed that appellant was convicted of felony theft on October 29, 1959, he was duly sentenced on that date to serve two years, but the execution of the sentence was suspended and he was placed on probation. On January 15, 1960, the probation was revoked and he was ordered to serve the sentence which had been pronounced on October 29, 1965.

As is said in 1 Branch Ann.P.C.2d, Par. 697, Page 679:

"It is not necessary to allege the previous conviction with the same particularity as must be used in charging the original offense."

The date of the judgment and sentence, with the cause number and the court, were correctly alleged. Such conviction became final in any event when probation was revoked with no appeal taken. There is nothing to show that appellant was misled or harmed in any way by the failure of the indictment also to show how and when probation was revoked. Burton v. State, Tex.Cr.App., 493 S.W.2d 837.

We overrule ground of error number one.

Ground of error number two asserts that there is no evidence in the record to show when the offense alleged in Cause No. C–8939–JH occurred.

The judgment in evidence did not recite the date the offense was committed, but it would necessarily be before the conviction on October 29, 1959. Since this would show the commission of said offense before the second offense alleged for enhancement and the conviction therefor, such proof was sufficient.

We overrule ground of error number two.

Ground of error number three complains that the indictment failed to allege when the offense in Cause No. E–8103–JI was committed.

An indictment need not set out the date on which an offense used for enhancement was committed. Robinson v. State, 163 Tex.Cr.R. 499, 293 S.W.2d 781; Stephens v. State, 161 Tex.Cr.R. 407, 277 S.W.2d 911.

The judgment in Cause No. E–8103–JI was in evidence, showing the conviction occurred on November 6, 1964. It recited that the offense was committed on September 11, 1964. This was sufficient to show the date of the offense. Espinosa v. State, Tex.Cr.App., 463 S.W.2d 8.

We overrule ground of error number three.

By his ground of error number four, appellant challenges the sufficiency of the evidence to support the jury verdict of guilty.

James Dubois, the alleged owner, was a partner in Dubois Furniture Company at Waco. The automobile in question, a gold, four door Chevrolet, 1969 model, with license No. GGC 862, of the value of over $50.00, was parked near the furniture store with the keys in it on February 13, 1970. It disappeared about 4:30 P.M., and the Waco Police Department was notified about 6 P.M. that it was stolen. About 5:30 P.M. appellant was observed driving this automobile at 100 miles per hour about 5 miles south of Waxahachie, which was some 65 miles north of Waco, going toward Dallas, by T. E. Purvis, a patrolman of the Texas Department of Public Safety. The officer gave chase, appellant ran off the road, had a flat tire, and nearly collided with a truck, but was apprehended by Purvis, who at that time did not know the car was stolen. Purvis gave him a ticket for speeding, and appellant signed his

name to the promise to appear. The ticket and the promise to appear contained the description of the car with the license number. About seven P.M., the officer, having received a report that this car was stolen, went back to the place he had left it and appellant, but the car and appellant were gone. On March 9, 1970, Purvis again saw appellant in jail at Waco, and identified him and the ticket at the trial. On February 23, 1970, Officer Stephen R. Bell of the Dallas Police Department stopped appellant at 2:35 A.M. while driving the same car and gave him a ticket because he did not have a driver's license. Appellant signed his name to the promise to appear. This ticket also contained the description of the car in question, and the same license number. Officer Bell identified appellant and the ticket with his promise to appear in his testimony at the trial.

Both of these tickets with appellant's signatures were introduced as exhibits, and the signatures were compared with known signatures given by appellant. Joe Patton, of the laboratory of the Texas Department of Public Safety at Austin, duly qualified as an expert in the examination of handwriting and questioned documents, and gave his opinion that the signatures on the promises to appear signed by Clennon Loud were signed by the same person who had signed that name on the known specimens of appellant's signature.

Appellant was arrested in Dallas on February 25, 1970, in a motel room with a woman. The Chevrolet automobile in question was parked nearby. The car was returned to the owner with considerable damage to it.

The court charged on circumstantial evidence. The appellant did not testify or offer any evidence in his behalf.

We hold the evidence sufficient, and overrule ground of error number four.

Ground of error number five asserts that the conviction on October 29, 1959, is too remote to be used for enhancement under Art. 63, V.A.P.C. We overrule.

■ Remoteness does not affect the use of a prior conviction for enhancement under Art. 63, V.A.P.C. Cf. Wesley v. State, 149 Tex.Cr.App. 650, 198 S.W.2d 103; Morrison v. State, 169 Tex.Cr.R. 556, 336 S.W.2d 173.

■ In grounds of error numbers six and seven, appellant claims that he was not represented by counsel at the time of his conviction in the prior case in 1959 used for the enhancement of punishment under Art. 63, V.A.P.C., and when his probation was revoked in 1960.

The judgment of conviction in the 1959 case recited that appellant had counsel present with him, as did also the order revoking probation and ordering the sentence to be served. These documents were contained in the "penitentiary packet" admitted in evidence. There was no objection to their receipt in evidence. There was no evidence offered to show that, in fact, appellant was not represented by counsel or that he did not waive counsel or was indigent. No error is shown. Mullenix v. State, Tex.Cr.App., 443 S.W.2d 264; Ex parte Bird, Tex.Cr.App., 449 S.W.2d 41.

We overrule grounds of error numbers six and seven.

We find no reversible error, and affirm the judgment.

Opinion approved by the Court.