**Juan Pena RAMIREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 49590.

Court of Criminal Appeals of Texas.

Feb. 12, 1975.

Howard G. Wilson, Dallas, for appellant.

Henry Wade, Dist. Atty., and Steve Wilensky, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

This appeal is from a conviction of aggravated assault under the provisions of V.T.C.A., Penal Code, Section 22.02(a)(2). Punishment was assessed at five years. V.T.C.A., Penal Code, Section 12.34.

The evidence of the State, when considered most favorably to the judgment, reflects that during the early morning hours of February 26, 1974, appellant assaulted a police woman who was trying to arrest him for an offense committed in her presence and struck her a number of blows on her face with his fists. At the time, she was in the lawful discharge of her duties as a peace officer of the City of Dallas, and appellant knew that she was such peace officer.

1. Statutory references are to Vernon's Texas Civil Statutes Annotated, Taxation–General.

Appellant's court-appointed counsel has filed a brief in which he states that he, "after a diligent review of the record and law applicable thereto, has concluded that this appeal is wholly without merit, but in accordance with Gainous v. State, (Tex. Crim.App.—1969), 436 S.W.2d 137, hereby submits this brief for the Court's consideration."

The record reflects that a copy of this brief was furnished appellant, and that he was informed of his right to file a pro se brief. No such brief has been filed.

In counsel's brief, he submits one "Proposition of Law" which reads as follows:

"That the law upon which this case is founded, specifically the term 'bodily injury' as used in V.T.C.A., Penal Code, Section 22.02(a)(2), is vague, uncertain and indefinite, and is therefore violative of Section 10, Article 1, Texas Constitution and of the Due Process Clause of the Constitution of the United States."

V.T.C.A., Penal Code, Section 22.-02(a)(2) provides:

"§ 22.02. Aggravated Assault.

"(a) A person commits an offense if he commits assault as defined in Section 22.01 of this code and he . . .

\*   \*   \*   \*   \*   \*

"2) causes bodily injury to a peace officer in the lawful discharge of official duty when he knows or has been informed the person assaulted is a peace officer".

Section 22.01(a)(1) reads:

"(a) A person commits an assault if he:

"(1) intentionally, knowingly or recklessly causes bodily injury to another; or . . ."

Section 1.07—Definitions—(a)(7) reads:
"(a) In this code:

\*   \*   \*   \*   \*   \*

"(7) 'Bodily injury' means physical pain, illness, or any impairment of physical condition. . . ."

The trial court in its charge submitted the above definitions of assault, aggravated assault, and bodily injury.

In counsel's brief, he states:

"Appellant contends that the term 'physical pain' is so subjective as to be indeterminable, and therefore forbids the doing of an act in a term so vague that men of common intelligence must necessarily guess at its meaning and differ in its application. Baker v. State, (Tex. Crim.App.1972), 478 S.W.2d 445; Connally v. General Construction Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926). Appellant submits that what could be considered 'discomfort' by one individual, might be considered 'pain' by another, and that there is no objective way for such to be differentiated in Sec. 22.02(a), supra, as the same is written."

V.T.C.A., Penal Code, Section 1.05, Construction of Code, in subparagraph (a), provides:

"(a) The rule that a penal statute is to be strictly construed does not apply to this code. The provisions of this code shall be construed according to the fair import of their terms, to promote justice and effect the objectives of the code."

The terms "physical pain," "illness," and "impairment of physical condition" are terms of common usage, and when construed "according to the fair import of their terms," in the context used in Section 1.07(a)(7), supra, are not "so vague that men of common intelligence must necessarily guess at its meaning and differ as to their application." Baker v. State, Tex. Cr.App., 478 S.W.2d 445; Connally v. General Construction Company, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 332. See also Sanford v. State, Tex.Cr.App., 492 S.W.2d 581. A person of ordinary intelligence, who would be law-abiding, can determine with reasonable precision what conduct it

is his duty to avoid. Delorme v. State, 488 S.W.2d 808, footnote 4 on page 811.

We hold that the term used in V.T.C.A., Penal Code, Section 1.07(a)(7), to define the term "bodily injury" is not so vague, uncertain and indefinite as to be violative of Section 10, Article 1, Texas Constitution, Vernon's Ann. St., or the Due Process Clause of the United States Constitution. Appellant's contention that the term "bodily injury" as used in V.T.C.A., Penal Code, Section 22.02(a)(2), is violative of Section 10, Article 1, Texas Constitution, and the Due Process Clause of the United States Constitution is overruled.

We have reviewed the record, and have found nothing which we should consider in the interest of justice. Article 40.09, Section 13, Vernon's Ann.C.C.P.

The judgment is affirmed.

Opinion approved by the Court.