11th Court of Appeals
Eastland, Texas
Opinion
 
Mahmoud Aly Ghanem
            Appellant
Vs.                  No. 11-03-00339-CR -- Appeal from Harris County
State of Texas
            Appellee
 
            Mahmoud Aly Ghanem appeals the conviction of assaulting a family member. The court
assessed punishment at 1 year confinement and a fine of $2,000. The sentence was suspended for
2 years, and appellant was placed on community supervision. Appellant contends in one point of
error that the evidence is factually insufficient to support his conviction. Specifically, he argues that
the evidence is factually insufficient to establish the offense of assault by causing bodily injury. We
affirm.
Standard of Review
            In order to determine if the evidence is factually sufficient, we must review all of the evi-dence in a neutral light and determine whether the evidence supporting guilt is so weak that the
verdict is clearly wrong and manifestly unjust or whether the evidence contrary to the verdict is so
strong that the beyond-a-reasonable-doubt burden of proof could not have been met. Zuniga v. State,
144 S.W.3d 477 (Tex.Cr.App.2004); Ross v. State, 133 S.W.3d 618 (Tex.Cr.App.2004); Zuliani v.
State, 97 S.W.3d 589, 595 (Tex.Cr.App.2003); Vasquez v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.
2002); Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App.2000); Cain v. State, 958 S.W.2d 404
(Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). A clearly wrong and
manifestly unjust verdict occurs where the jury’s finding “shocks the conscience” or “clearly
demonstrates bias.” Clewis v. State, supra at 135; see Zuniga v. State, supra; Cain v. State, supra.
            We note that the jury, as the trier of fact, was the sole judge of the credibility of the witnesses
and of the weight to be given to their testimony. TEX. CODE CRIM. PRO. ANN. arts. 38.04 &
36.13 (Vernon 1979 & 1981). Deference is given to the jury verdict, as well as to determinations
involving the credibility and demeanor of witnesses. Cain v. State, supra at 407.
Evidence at Trial
            Appellant and the victim were hosting a sleepover for their daughter and a few of her friends.
Sometime after the victim dressed the girls, appellant and the victim argued. Appellant struck the
victim and then pushed her into a wall. Appellant argues that there is no evidence in the record that
the assault caused bodily injury to the victim.
            The State presented testimony to prove the elements of assault by intentionally, knowingly,
or recklessly causing bodily injury to another, including a person’s spouse. TEX. PEN. CODE ANN.
§ 22.01(a)(1) (Vernon Supp. 2004 - 2005). During direct examination by the State, the victim
testified that, after a brief argument, appellant “hit” her. She stated that she suffered scratches as a
result of the hit. When asked if there was any doubt that appellant hit her, the victim plainly
answered: “No.” The victim further testified that appellant pushed her into the wall with one hand. 
The victim never testified that she felt physical pain.
            Officer Juan Escalon, Jr. testified that, when he arrived at the house, he found the victim
upset and she appeared as if she had been crying. When Officer Escalon asked her how she came
to have scratch marks on her face, the victim stated that appellant had slapped her. Officer Escalon
also testified that the victim told him that appellant had pushed her; Officer Escalon testified that “it
was more like a strike with the palm of his hand on her chest.” Officer Escalon’s testimony did not
reflect that the victim ever told him that she felt pain or that she physically hurt.
            The record is not clear whether appellant hit her with the front or the back of his hand;
however, the scratches were attributed to appellant’s fingernails. Appellant’s sister-in-law testified
that she had not known appellant to keep long fingernails.
             There are no photographs of the victim’s injuries.
Analysis
            Bodily injury is defined as physical pain, illness, or any impairment of physical condition. 
TEX. PEN. CODE ANN. § 1.07(a)(8) (Vernon Supp. 2004 - 2005). The victim testified that
appellant hit her, causing scratches, and then pushed her. Appellant contends that the State did not
prove the bodily injury element of assault because the victim never testified that she felt pain or that
the resulting scratches hurt.
            The Court of Criminal Appeals has stated that physical pain is a term of common usage. 
Ramirez v. State, 518 S.W.2d 546, 547 (Tex.Cr.App.1975). People of common intelligence
understand both physical pain and some of the natural causes of pain. Ramirez v. State, supra. In
Goodin v. State, 750 S.W.2d 857, 859 (Tex.Cr.App.1988), the court recognized the fundamental
principal that “in arriving at their verdict the [jurors] are not confined to a consideration of the
palpable facts in evidence, but they may draw reasonable inferences and make reasonable deductions
therefrom.” It is a reasonable inference that jurors of common intelligence could determine that the
victim’s scratches caused her physical pain. The fact of a physical intrusion on the body in the form
of a cut or scrape can itself be sufficient evidence of the associated physical pain necessary to show
“bodily injury.” Goodin v. State, supra; see Bolton v. State, 619 S.W.2d 166, 167
(Tex.Cr.App.1981). The definition of bodily injury appears to be purposefully broad and seems to
encompass even relatively minor physical contacts so long as they constitute more than mere offen-sive touching. Lane v. State, 763 S.W.2d 785, 786 (Tex.Cr.App.1989); Wawrykow v. State, 866
S.W.2d 87, 89 (Tex.App. - Beaumont 1993, pet’n ref’d).
            The evidence supporting the verdict was not so weak as to render the verdict clearly wrong
and manifestly unjust nor was there sufficient evidence contrary to the verdict that the State’s burden
of proof could not have been met. We overrule appellant’s only point of error.
This Court’s Ruling
            The judgment of the trial court is affirmed.
 
                                                                                                W. G. ARNOT, III
                                                                                                CHIEF JUSTICE
 
January 13, 2005
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.