NO. 07-07-0064-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 2, 2007
_____

LARRY DUHON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY;

NO. D-1-DC-06900255; HONORABLE MIKE DENTON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

The trial court revoked the community supervision of appellant Larry Duhon, finding he violated its terms by committing burglary and assault and using alcohol.  Finding the court did not abuse its discretion, we affirm its order of revocation.

Background

Appellant was charged by indictment with assault causing bodily injury, family violence enhanced, a third degree felony.  He entered a plea of guilty on May 10, 2006,

and was sentenced to eight years imprisonment but the court suspended imposition of the sentence and placed appellant on community supervision for five years. The State filed a motion to revoke on July 10, 2006, alleging appellant committed burglary, assault, and used alcohol in violation of the terms of his community supervision. The trial court heard the motion on November 29, 2006, and at the conclusion of evidence found appellant had committed each of the three violations of the terms of his community supervision alleged in the State's motion. It sentenced him to eight years confinement in the Texas Department of Corrections Institutional Division. Appellant timely filed notice of appeal and the record includes the trial court's certification of appellant's right to appeal.

## Discussion

In his sole issue, appellant contends: "The trial court erred in finding the appellant violated his community supervision because there was insufficient evidence to support the allegations." As discussed below, we review an order revoking community supervision for abuse of discretion. We therefore interpret appellant's complaint to be that in the absence of evidence supporting revocation, the court abused its discretion by revoking his community supervision.

In a proceeding to revoke community supervision, the State has the burden of proving a violation of the terms and conditions of community supervision by a preponderance of the evidence. *Cobb v. State,* 851 S.W.2d 871, 874 (Tex.Crim.App.1993). It meets this burden if the greater weight of credible evidence creates a reasonable belief that a condition of community supervision was violated as

2

alleged. *Jenkins v. State,* 740 S.W.2d 435, 437 (Tex.Crim.App.1983). Our review of a revocation order is limited to determining whether the trial court abused its discretion. *Cardona v. State,* 665 S.W.2d 492, 495 (Tex.Crim.App.1984). For this reason, we review the evidence presented at the hearing in the light most favorable to the trial court's findings. *Id*. Factual sufficiency review is inapplicable to the hearing of a motion to revoke community supervision. *See Davila v. State,* 173 S.W.3d 195, 198 (Tex.App.–Corpus Christi 2005, no pet.) (collecting cases).

At the hearing of the State's motion to revoke, Kecia Jalalizadeh was the State's only witness. She previously lived with appellant and his wife until appellant was jailed for assault. Thereafter, Jalalizadeh and appellant's wife were evicted, and Jalalizadeh leased an efficiency apartment for single occupancy.

Jalalizadeh testified that when she arrived at her apartment on June 26, 2006, she found appellant present without permission. According to Jalalizadeh, the apartment smelled of liquor and appellant told her he drank two pints of liquor and was too drunk to leave. She also observed appellant staggering and "slurring," and opined he was "obviously drunk." Jalalizadeh telephoned appellant's probation officer and repeatedly told appellant to leave her apartment. Appellant then grabbed Jalalizadeh's left wrist and struck her left shoulder. Jalalizadeh testified she left the apartment and called police.

In his testimony, appellant denied using alcohol and assaulting Jalalizadeh. Rather, he stated at the time of the events of which the State complained, he was "on" Methocarbamol, Elavil, Seroquel, and Lithium. He "ate" these medications to sleep so he

3

would not have to put up with the "foolishness" of Jalalizadeh, whom he felt might come home intoxicated. In denying the assault, appellant explained that Jalalizadeh woke him, he was "kind of rude" in telling her to leave him alone, and when he awoke again, police were present to arrest him.

Appellant called his probation officer, Allisun Gallagher, as a hearing witness. On cross-examination Ms. Gallagher testified Jalalizadeh called her on June 26, 2006, and said appellant was at her home without permission, that he was drunk, passed out, and she was awaiting the arrival of police to arrest him. Ms. Gallagher was not asked, nor did she mention, whether Jalalizadeh told her of the assault.

*Assault*

According to its motion to revoke community supervision, the State alleged appellant intentionally and knowingly caused Jalalizadeh bodily injury. *See* Tex. Pen. Code Ann. § 22.01(a)(1) (Vernon Supp. 2006) (a person commits assault if the person "intentionally, knowingly, or recklessly causes bodily injury to another"). The Penal Code defines bodily injury as physical pain, illness, or any impairment of physical condition. Tex. Pen. Code Ann. § 1.07(a)(8) (Vernon Supp. 2006). It is proved if the evidence shows that the victim suffered "some" pain. *See Lane v. State,* 763 S.W.2d 785, 786-87 (Tex.Crim.App.1989) (en banc) (addressing meaning of "bodily injury"). The definition of bodily injury appears purposefully broad and seems to encompass even relatively minor physical contacts so long as they constitute more than mere offensive touching. *Id.* at 786.

4

In her testimonial description of the assault, Jalalizadeh said appellant grabbed her left wrist so tightly that she had to pry his hand away. She demonstrated for the court how she claimed appellant struck her shoulder and agreed that she heard the noise of impact and felt the blow.

Jalalizadeh did not expressly testify of experiencing physical pain when appellant grabbed her wrist or struck her shoulder. While appellant does not directly assail this fact in his brief, we interpret his issue as sufficiently broad to warrant our consideration of it. *See* Tex. R. App. P. 38.1(e), 38.9.

The Court of Criminal Appeals has observed that physical pain is a term of common usage. *Ramirez v. State,* 518 S.W.2d 546, 547 (Tex.Crim.App.1975). When considering whether evidence is sufficient to establish that a victim suffered pain, the trier of fact may use common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life, using inferences that may reasonably be drawn from evidence. *Wawrykow v. State,* 866 S.W.2d 87, 88-89 (Tex.App.–Beaumont 1993, pet. ref'd) (rational fact-finder could have inferred pushes to chest caused "physical pain"); *see also Goodin v. State,* 750 S.W.2d 857, 859 (Tex.App.–Corpus Christi 1988, pet. ref'd) (people of common intelligence understand what naturally causes physical pain).

In *Wawrykow*, the State asked the victim and the district attorney to provide the jury an in-court demonstration of how the defendant pushed the victim in the chest. The State did not, however, elicit any testimony that the victim, a law enforcement officer, experienced physical pain from that push. *Wawrykow,* 866 S.W.2d at 88. The court of

5

appeals nevertheless affirmed the conviction because, according to the court, the jury was free to infer from the in-court demonstration that the victim suffered pain from the pushes. *Id.* at 90.

Here, appellant strenuously denied assaulting Jalalizadeh. He described his behavior as "rude" and attributed it to a deep sleep induced by medications.

The court, as trier of fact, heard this testimony and observed Jalalizadeh's in-court demonstration of the blow to her shoulder. It also observed the demeanor of Jalalizadeh and appellant and reached the conclusion that the evidence sufficiently proved appellant assaulted Jalalizadeh. At the hearing of a motion to revoke community supervision, the judge is the sole fact-finder and in that role is empowered to make credibility determinations. *Garrett v. State,* 619 S.W.2d 172, 174 (Tex.Crim.App.1981). Viewing the evidence in the proper light, *Cardona,* 665 S.W.2d at 495, we conclude that the trial court did not abuse its discretion by finding that appellant assaulted Jalalizadeh, in violation of the terms of his community supervision order.

Conclusion

Having found the court did not abuse its discretion in revoking appellant's community supervision for assaulting Jalalizadeh, we need not address the other two grounds upon which the State sought revocation since one sufficient ground for revocation will support the court's order revoking community supervision. *Moore v. State,* 605 S.W.2d 924, 926 (Tex.Crim.App.1980).

6

The judgment of the trial court is affirmed.


James T. Campbell
Justice


Do not publish.