

# NUMBER 13-19-00529-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI–EDINBURG

| | |
|---|---|
| **STEVEN DARRYL STUCKEY,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 207th District Court
### of Comal County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Memorandum Opinion by Justice Longoria**

Appellant Steven Darryl Stuckey was convicted of possession of a controlled substance, penalty group 1, one gram or more but less than four grams, a third-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102, 481.115(c). By three issues, Stuckey argues that: (1) there was insufficient evidence to support the trial court's finding of "true" for the prior felony conviction as alleged in enhancement paragraph two; (2) the

thirty-year sentence imposed by the trial court was disproportionate to the offense committed; and (3) Texas Penal Code § 12.42(d) is unconstitutional as applied in this case. We affirm.[1]

## I.   BACKGROUND

In August 2017, two police officers with the New Braunfels Police Department witnessed a vehicle driving on the highway with an expired registration and unconfirmed insurance. Stuckey was the driver of the vehicle. The officers pulled over the vehicle and noticed a broken meth pipe on the floor. As they began a pat search, Stuckey informed the officers that he had marijuana in his front right pocket. The officers retrieved the marijuana but also discovered 2.05 grams of methamphetamine with the marijuana. Stuckey was charged with possession of the methamphetamine. *See id.*

Jury trial began in May 2019. The jury found Stuckey guilty of possession of a controlled substance, penalty group 1, in an amount between one and four grams. *See id.* The punishment range for this offense is ordinarily between two and ten years' imprisonment. *See* TEX. PENAL CODE ANN. § 12.34(a). However, the State alleged Stuckey was a habitual felon because he was previously convicted of five felonies in the State of California between 1991 and 1994.  If the prior felony convictions were found to be true, the punishment range would increase to between twenty-five and ninety-nine years' or life imprisonment.[2] *See id.* § 12.42(d). Stuckey denied having committed any of the prior offenses, but he conceded that he was convicted in each of the cases.

---

[1] This appeal was transferred from the Third Court of Appeals in Austin pursuant to an order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] The five prior felonies from California included: assault with a deadly weapon, receiving stolen property, robbery, and two separate convictions for unlawful taking of a vehicle.

At the end of the punishment phase, Stuckey objected to the application of the habitual felony offender enhancement based on "remote and stale felony convictions" and argued that a minimum of twenty-five years' imprisonment was unjust and disproportionate for a "relatively low-level offense." The trial court noted Stuckey's objections but stated it was bound to follow the law as provided. The trial court found the allegations to be true and sentenced Stuckey to thirty years' imprisonment. This appeal followed.

## II.    ENHANCEMENT PARAGRAPH

In his first issue, Stuckey argues that there was insufficient evidence to support a finding of true on the felony conviction alleged by the State in the second enhancement paragraph of the indictment.

## A.    Standard of Review and Applicable Law

When reviewing the legal sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). This same standard is used to evaluate the sufficiency of the evidence supporting a finding of "true" on enhancement paragraphs. *See Brooks v. State,* 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010) (plurality op.); *see also Rowe v. State*, No. 04-10-00326-CR, 2011 WL 3715058, at *2 (Tex. App.—San Antonio Aug. 24, 2011, no pet.) (mem. op., not designated for publication). The factfinder is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *See Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008). We give great deference to the trier

3

of fact and assume the factfinder resolved all conflicts in the evidence in favor of the verdict. *See Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).

Texas Penal Code § 12.42 provides for an increase/enhancement in the punishment range of felony offenses for habitual felony offenders. *See* TEX. PENAL CODE ANN. § 12.42. According to § 12.42(d), if at the trial of a felony offense, other than a state jail felony offense punishable under § 12.35(a), the evidence shows that a defendant has been previously been finally convicted of two felony offenses, and that the second felony conviction is for an offense that occurred subsequent to the first previous conviction becoming final, then that defendant's range of punishment shall be imprisonment for not more than life or ninety-nine years and not less than twenty-five years. *See id.* § 12.42(d).

It is the State's burden to prove beyond a reasonable doubt that the prior conviction exists, that the conviction is linked to the defendant, and the conviction is "final." *See* TEX. PENAL CODE ANN. § 12.42; *Henry v. State,* 509 S.W.3d 915, 918 (Tex. Crim. App. 2016). A conviction is not final "where imposition of sentence has been suspended and probation granted." *Ex parte Pue*, 552 S.W.3d 226, 230 (Tex. Crim. App. 2018)*.* However, a probated sentence may be considered final when probation is revoked. *See id.* To prove final, prior felony convictions, the State is not limited to any one type of evidence. *See Flowers v. State,* 220 S.W.3d 919, 921–22 (Tex. Crim. App. 2007). The State may rely on certified judgments, admissions from the defendant, or other testimony. *See id.*

**B.    Analysis**

Enhancement paragraph two of the indictment alleges that Stuckey was convicted on March 24, 1994, of the felony offense of receiving stolen property in the Superior Court of California. The offense was allegedly committed on August 14, 1989. The State entered

4

into evidence a California judgment showing that Stuckey was sentenced to three years' probation on this cause number. However, the record does not reflect that his probation was ever revoked. Therefore, Stuckey argues that there was insufficient evidence to prove beyond a reasonable doubt that this was a final conviction. Stuckey admits that the outcome of the trial is unaffected by the trial court's finding as to enhancement paragraph two because there is "sufficient evidence to demonstrate final convictions as to the other enhancement paragraphs, and the conviction in Enhancement Paragraph I is [sic] occurred subsequently to the convictions in Enhancement Paragraphs III, IV, and V." Because the trial court's finding ultimately has no effect on Stuckey's classification as a habitual felon or the outcome of the case, this issue is moot. *See* TEX. R. APP. P. 47.1. We overrule Stuckey's first issue.

### III.　CONSTITUTIONAL CHALLENGES

In his second issue, Stuckey asserts that the sentence imposed by the trial court was disproportionate to the seriousness of the offense committed. *See* U.S. CONST. amend. VIII. In his third issue, Stuckey argues that § 12.42(d) is unconstitutional as applied to him given the remoteness and nature of the prior convictions.

### A.　Standard of Review and Applicable Law

A sentence which falls within the limits prescribed by a valid statute is usually not excessive, cruel, or unusual. *See Trevino v. State,* 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd). However, the Eighth Amendment of the United States Constitution also requires that a criminal sentence be proportionate to the crime which was committed to avoid being cruel and unusual. *See* U.S. CONST. amend. VIII; *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

5

To determine whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses.

*State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016). In the "rare case" where the sentence is found to be disproportionate using these criteria, we then compare the defendant's sentence to the sentences imposed on other defendants in the same jurisdiction and defendants in other jurisdictions. *See id.*; *State v. Stewart*, 282 S.W.3d 729, 736 (Tex. App.—Austin 2009, no pet.). "However, in order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." *See Noland*, 264 S.W.3d at 151; TEX. R. APP. P. 33.1(a).

## B.   Discussion

### 1.  Disproportionate Sentence

The State does not challenge Stuckey's assertion that he timely raised his objection to the trial court below that the sentence was disproportionate to the offense committed. Therefore, we move onto the proportionality factors, although we note at the outset that his sentence of thirty years' imprisonment is within the statutory range, and, thus, likely not excessive or cruel. *See Trevino,* 174 S.W.3d at 928.

#### a.  Harm Caused or Threatened to the Victim

In a single paragraph, Stuckey argues in his second issue that this is a "mere possession" case, and accordingly, his sentence of thirty years was grossly

disproportionate to the offense committed. However, the State argues that the evidence and context of the case demonstrate that this is more than a "mere possession" case.

Stuckey testified that he had a long history with methamphetamines. He has been previously convicted for methamphetamine possession, and he tested positive multiple times for methamphetamines while on probation. The New Braunfels police officers testified that Stuckey admitted to them that he ran a methamphetamine lab in 2009 in Comal County. When his residence was searched, the officers found a methamphetamine lab, marijuana, fifty-six assorted pills, and methamphetamine. Jail calls introduced at trial suggested that Stuckey was involved in the sale of methamphetamine to a woman named "Jen-Jen." At the end of sentencing, the trial court noted, "you are and have been contributing to our meth community. And that is a danger to the public." On the other hand, possession of methamphetamine, by itself, is a nonviolent crime, and for the most part, the only victim of this offense is Stuckey himself. Therefore, we conclude that this factor is mostly neutral.

### b. Culpability of the Offender

Stuckey acknowledges that he does not belong to any class of offenders for whom a diminished culpability has been recognized. *See Miller v. Alabama*, 567 U.S. 460, 471 (2012) (finding that juveniles are less deserving of severe punishments because they have "diminished culpability and greater prospects for reform"). Nevertheless, Stuckey argues that this factor should weigh in favor of disproportionality because his offense was "at the lower end of drug offenses." However, we note that Stuckey has a long history with both possessing and producing methamphetamines and committing other violent and non-violent crimes. Despite being offered rehabilitation, Stuckey has tested positive

7

repeatedly. Given that Stuckey does not belong to any class of diminished-culpability offenders, we find that this factor weighs in favor of finding the sentence to not be disproportionate.

### c. Prior Adjudicated and Unadjudicated Offenses

Concerning adjudicated offenses, Stuckey has been convicted of robbery, receiving stolen property, assault with a deadly weapon, possession of methamphetamine, possession of marijuana, failure to identify, and twice for unlawful taking of a vehicle. Stuckey testified regarding the assault with a deadly weapon offense, in which he had taken a cane from an elderly gentleman. Stuckey proceeded to beat the man with his own cane because the man had tried to stop Stuckey from having sex in public with a woman in a shopping cart. The record further reflects that Stuckey committed felonies in California, went to prison, was released from prison, committed an additional felony offense, then moved to Texas where he committed more misdemeanors and felonies.

Concerning unadjudicated offenses, Stuckey has been charged with commercial burglary, fraudulent use of an access card, and kidnapping for robbery, all California crimes. Stuckey informed the police officers that he ran a meth lab. He also threatened to stab a patient during his stay in a court ordered treatment facility, while on felony probation for methamphetamine.

Stuckey admits that this factor weighs against finding the sentence to be disproportionate.

### d. Summary

Given that the thirty-year sentence is on the low end of the statutory range and none of the factors weigh in Stuckey's favor, we conclude that the sentence imposed by the trial court was not grossly disproportionate. *See Simpson*, 488 S.W.3d at 323. Thus, we do not need to compare Stuckey's sentence to the sentence received by other defendants. *See id.* We overrule Stuckey's second issue.

## 2. Constitutionality of § 12.42(d)

In his third issue, Stuckey argues that § 12.42(d) is unconstitutional as applied to him given the remoteness of his felony convictions and the relatively minor nature of his offense. However, courts have upheld the constitutionality of enhancement statutes. *See Spencer v. Texas*, 385 U.S. 554, 560 (1967); *Rodriguez v. State*, 614 S.W.2d 448, 450 (Tex. Crim. App. 1981). Texas courts have also previously upheld the constitutionality of § 12.42(d), and prior enhancement statutes, regardless of the remoteness of the felony convictions used for enhancement. *See Ingram v. State,* 426 S.W.2d 877, 878 (Tex. Crim. App. 1968) (upholding the use of a thirteen-year-old felony for enhancement purposes); *Morrison v. State,* 336 S.W.2d 173, 174 (Tex. Crim. Ap. 1960) (concluding that the "question of remoteness" is irrelevant when "the prior conviction is alleged for the purpose of obtaining an enhanced punishment"); *see also Eisenmenger v. State*, No. 05-08-00423-CR, 2009 WL 988658, at *2 (Tex. App.—Dallas Apr. 14, 2009, no pet.) (mem. op., not designated for publication) (upholding the use of a twenty-eight-year old felony for enhancement purposes). Stuckey has offered no reason to deviate from this precedent. We conclude that § 12.42(d) is not unconstitutional as applied to Stuckey. We overrule his third issue.

## IV.    CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
18th day of March, 2021.

10